IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SCOTT JOHNSON**, <br><br> Plaintiff, <br><br> v. <br><br> **COPIERS NORTHWEST, INC.**, a foreign business corporation, <br><br> Defendant. | Case No. 16-cv-1556-SI <br><br> **OPINION AND ORDER** |

Jeffrey M. Edelson and Steffan Alexander, MARKOWITZ HERBOLD, PC, 1211 SW Fifth Avenue, Suite 3000, Portland, Oregon 97204-3730. Of Attorneys for Plaintiff.

John L. Loesch and Alexander F. Strong, BENDICH, STOBAUGH & STRONG, PC, 701 Fifth Avenue, Suite 4850, Seattle, Washington 98104. Of Attorney for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Scott Johnson, an Oregon citizen, brings this action against Defendant Copiers Northwest, Inc. ("Copiers NW"), a Washington corporation headquartered in Seattle. As alleged in Plaintiff's First Amended Complaint ("FAC"), on January 25, 2010, Johnson and Copiers NW entered into a contract relating to Johnson's employment at Copiers NW, titled "Employment Offer and Agreement with Non-Solicitation Covenant" ("Employment Agreement"). FAC ¶ 8. As his first claim for relief, Johnson seeks a declaration that the restrictive covenant, titled "Non-

Solication," found in paragraph 7 of the Employment Agreement is actually a noncompetition agreement that is voidable under Oregon statutory law, specifically Or. Rev. Stat. § 653.295. As his second claim for relief, Johnson seeks unpaid wages and penalty wages under Oregon statutory law, specifically, Or. Rev. Stat. §§ 652.140(2) and 652.150. Johnson alleges that Copiers NW failed to pay Johnson "his full earned wages or compensation when due him under his Compensation Plan." FAC ¶ 22.[1] Copiers NW moves to dismiss the action under the doctrine of *forum non conveniens*, relying on a forum-selection clause contained in paragraph 8 of the Employment Agreement. ECF 12. That forum-selection clause reads: "Any proceedings for injunctive relief or enforcement of this Agreement shall be brought in Superior Court for King County, State of Washington." ECF 14 at 7. For the reasons stated below, the Court GRANTS Copiers NW's Motion to Dismiss.

## STANDARDS

When a party seeks to enforce a contractual forum-selection clause pointing to a nonfederal forum, an appropriate way to enforce it is through a motion raising the doctrine of *forum non conveniens*. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013) ("Instead, the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*.").[2] The

---

[1] Although Johnson did not provide a copy of his Employment Agreement with his First Amended Complaint, Copiers NW filed a copy in support of its motion to dismiss. *See* ECF 14. Paragraph 2 of the Employment Agreement provides that "This position is exempt and the compensation for this employment is outlined at Addendum A." *Id*. at 4. The parties disagree over what is the applicable Addendum, which sets forth Johnson's Compensation Plan.

[2] In *Atlantic Marine*, the Supreme Court noted that the petitioner in the case had not filed a motion under Federal Rule of Civil Procedure 12(b)(6) and at no point was the applicability of Rule 12(b)(6) briefed, and so the Court did not reach whether Rule 12(b)(6) offers another enforcement mechanism. 134 S. Ct. at 580. The Supreme Court explained, however, that even if Rule 12(b)(6) could be used "to enforce a forum-selection clause, that would not change our conclusions that § 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-

PAGE 2 – OPINION AND ORDER

doctrine of *forum non conveniens* "rests on the principle that a court may resist imposition upon its jurisdiction when the matter may be more conveniently tried in another forum, even when jurisdiction is authorized by the letter of a general venue statute." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 146 (9th Cir. 1982) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). The Ninth Circuit has cautioned, however, that "[t]he doctrine of *forum non conveniens* is a drastic exercise of the court's 'inherent power' because, unlike a mere transfer of venue, it results in the dismissal of the plaintiff's case. . . . Therefore, we have treated *forum non conveniens* as 'an exceptional tool to be employed sparingly,' and not a 'doctrine that compels plaintiffs to choose the optimal forum for their claim.'" *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)).

When the parties have formed a contract that includes a valid forum-selection clause, federal law controls whether the clause is enforceable. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). In *Atlantic Marine*, the Supreme Court clarified the factors that a district court should consider when evaluating the enforceability of a valid forum-selection clause. 134 S. Ct. at 581-82. In the presence of a valid forum-selection clause, "the plaintiff's choice of forum merits no weight." *Id.* at 581. Additionally, the district court "should not consider arguments about the parties' private interests. . . . A court accordingly must deem the private-interest factors [including inconvenience to the parties] to weigh entirely in favor of the preselected forum." *Id.* at 582. The district court may only consider arguments concerning public-interest factors, which "will rarely defeat" a motion to dismiss. *Id.*

---

selection clause and that § 1404(a) [for other federal forums] and the *forum non conveniens* doctrine [for nonfederal forms] provide appropriate enforcement mechanisms." *Id.*

The Supreme Court also explained that a valid forum-selection clause alters the ordinary *forum non conveniens* analysis. *Atl. Marine*, 134 S. Ct. at 581. A court must give a forum-selection clause "controlling weight in all but the most exceptional cases." *Id.* at 579 (internal citation and quotation marks omitted). Courts should not "unnecessarily disrupt the parties' settled expectations" when the parties have "contracted in advance to litigate disputes in a particular forum." *Id.* at 583. "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.*; *see also Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1104 (S.D. Cal. 2006) ("[Forum selection clauses] are prima facie valid and are enforceable unless the party challenging enforcement shows the clause is unreasonable under the circumstances." (citing *R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996))). A plaintiff bears the burden of showing exceptional circumstances that make dismissal inappropriate despite a valid and applicable forum-selection clause.[3] *See Atl. Marine*, 134 S. Ct. at 581.

## BACKGROUND

Copiers NW recruited Johnson to work as a Sales Representative for specified geographic regions within Oregon. ECF 16 at 1-2. On January 25, 2010, Johnson began working for Copiers NW and signed the Employment Agreement. ECF 13 at 9-14; ECF 14 at 4-9. The Employment Agreement also appears to incorporate a Compensation Plan as an addendum to the Employment Agreement that outlines Johnson's salary, sales quotas, and other details of his compensation and responsibilities as a Sales Representative for Copiers NW. ECF 13 at 9; ECF 14 at 11.

---

[3] Although *Atlantic Marine* dealt with a motion to transfer under 28 U.S.C. § 1404(a) and the doctrine of *forum non conveniens* calls for dismissal, the Supreme Court held that federal courts "should evaluate a forum-selection clause pointing to a nonfederal forum [by applying the same balancing-of-interests standard used to] evaluate a forum-selection clause pointing to a federal forum." *Atl. Marine*, 134 S. Ct. at 580.

At least three provisions of the Employment Agreement are at issue in this lawsuit. First, the Agreement contains a "Non-Solicitation" provision that reads as follows:

> A. During your employment with CNW and for a period of twenty-four months after the termination of your employment, You agree that You will not on your personal behalf or on behalf of any other person or entity besides CNW:
>
> 1. Make any effort, directly or indirectly, to obtain business from any customer or prospective customer of CNW that you had direct contact with;
>
> 2. Cause or attempt to cause any customer or prospective customer of CNW to reduce its business with CNW;
>
> 3. Accept business from any customer or prospective customer of CNW.

ECF 13 at 10-11. Mr. Johnson characterizes this provision as a "non-compete clause."

Second, the Agreement contains a provision entitled "Recruitment of Employees" that reads:

> During employment and for a period of twelve months after termination, You agree not to recruit any employee to leave CNW and to go to work for You or your new employer or another entity on whose behalf You solicited the CNW employee. The parties agree that this would be seriously damaging to CNW . . . .

*Id.* at 12.

Finally, and most importantly for the purposes of deciding the pending motion to dismiss, the Employment Agreement contains a forum-selection clause. The Agreement's "Venue" provision reads:

> *Any proceedings for injunctive relief or enforcement of this Agreement* shall be brought in Superior Court for King County, State of Washington; unless, CNW exercises its right under Section 13 to settle the claim by arbitration.

*Id.* (emphasis added).

PAGE 5 – OPINION AND ORDER

Johnson ended his employment with Copiers NW on August 1, 2016. ECF 16 at 2. Copiers NW asserts that during Johnson's exit interview, he stated his intention to contact current and prospective Copiers NW customers, which Copiers NW contends is a violation of the Employment Agreement's non-solicitation provision. *See* ECF 13 at 10-11. Copiers NW also asserts that Johnson recruited two other Sales Representatives who worked for Copiers NW in Johnson's regional team and that Johnson asked them to leave Copiers NW and join him with a new employer, also in alleged violation of the Employment Agreement. *Id.* at 12.

Johnson filed this case in the District of Oregon on August 1, 2016, but he did not serve the summons and complaint until October 16, 2016. ECF 1; ECF 13 at 2, ¶3. Copiers NW filed its own lawsuit against Johnson in King County Superior Court on August 10, 2016, and served Johnson on August 11, 2016. ECF 13 at 1, ¶ 2. In its lawsuit, Copiers NW seeks an injunction prohibiting Johnson from soliciting current and prospective customers of Copiers NW and from recruiting employees of Copiers NW. ECF 17-1 at 10. Copiers NW also seeks money damages for past violations of the Employment Agreement, plus attorney's fees and costs. ECF 17-1 at 8-10.

Johnson removed the lawsuit filed by Copiers NW to the United States District Court for the Western District of Washington, ECF 13 at 2, and then moved to transfer that case to this Court. ECF 17-2. The Western District of Washington, however, denied Johnson's motion to transfer and remanded that case back to Washington state court on the grounds that the parties' forum-selection clause contained in the Employment Agreement was enforceable and required adjudication of the dispute in King County Superior Court. *Copiers Nw. v. Johnson*, 2017 WL 406168, at *2, 4 (W.D. Wash. Jan. 31, 2017).

**DISCUSSION**

At the center of this dispute is whether the forum-selection clause in the parties' Employment Agreement applies to Johnson's claims in this case, and if so, whether the clause is enforceable. Copiers NW argues that the forum-selection clause applies because Johnson is seeking to enforce the terms of the Employment Agreement, and according to the Agreement's terms and case law, the forum-selection clause controls. Johnson argues that the forum-selection clause does not apply to his claims because the clause is narrowly constructed to only cover "injunctive relief and enforcement of this [Employment] Agreement" and he is not seeking "to enforce" the Agreement.[4] According to Johnson, both of his claims are brought exclusively under specific Oregon statutes, the federal Declaratory Judgment Act, 28 U.S.C. § 2202, and Federal Rule of Civil Procedure 57. Thus, argues Johnson, he is not seeking "to enforce" the Employment Agreement. In the alternative, Johnson argues that the forum-selection clause is against public policy and thus unenforceable.

**A. Application of the Forum-Selection Clause**

Johnson first argues that the Employment Agreement's forum-selection clause does not apply to his claims because it only covers "injunctive relief or enforcement of this Agreement." ECF 13 at 12. According to Johnson, he is not seeking enforcement of the Employment Agreement, but instead brings statutory wage, penalty, and fee claims under Oregon statutory law.

Oregon law obligates an employer to pay, within certain timeframes, all wages earned and unpaid at the time an employee leaves employment. Or. Rev. Stat. § 652.140(2). If an

---

[4] Johnson's original Complaint filed in this case alleged as its second claim "breach of contract." ECF 1 at 5. That claim has been renamed in Johnson's First Amended Complaint as a claim for "unpaid wages" under Oregon's wage statutes. FAC at 5.

PAGE 7 – OPINION AND ORDER

employer "willfully fails to pay any wages or compensation . . . as provided in ORS 652.140," penalties apply until the employer complies. Or. Rev. Stat. § 652.150(1). Further, "[i]n any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours . . . after the wages became due and payable, the court shall, upon entering judgment for the plaintiff, include in the judgment . . . a reasonable sum for attorney fees." Or. Rev. Stat. § 625.200(2). Johnson's claims for penalties and attorney's fees under §§ 652.150(1) and 652.200(2), thus, are dependent on and derivative of his claim for unpaid wages under § 652.140(2). *See Marshall v. Wells Capital Mgmt. Inc.*, 2007 WL 4565164, at *8 (D. Or. Dec. 19, 2007) ("Because I recommend that the O.R.S. 652.140 claim be dismissed, I recommend that the O.R.S. 652.150 claim be dismissed as well."); Or. Rev. Stat. § 652.200(2) (stating that "upon entering judgment for the plaintiff" the court shall award attorney fees). The Court, therefore, focuses on whether Johnson's claim for unpaid wages under § 652.140(2) seeks to "enforce" the Employment Agreement such that the claim falls within the Employment Agreement's forum-selection clause.

Copiers NW cites several Ninth Circuit decisions for the proposition that whether a claim is subject to a forum-selection clause "depends on whether resolution of the claims relates to interpretation of the contract." *Manetti-Farrow*, 858 F.2d at 514; *see also In re Orange*, 818 F.3d 956, 962 (9th Cir. 2016); *see also Copiers Nw.*, 2017 WL 406168, at *4. In his FAC, Johnson alleges that the "Compensation Plan established the wages owed to [him]," that he "performed any obligations that he may have under the Compensation Plan," and that Copiers NW "failed to pay Johnson his full earned wages or compensation when due to him under his Compensation Plan, and failed to pay them as termination pay, the approximate amount of $50,000." FAC ¶¶ 20-22. As noted above, the Compensation Plan is Addendum A to the Employment

PAGE 8 – OPINION AND ORDER

Agreement, although the parties disagree on which is the applicable Addendum A. Thus, determination of the amount of unpaid wages owed to Johnson will require interpretation and application of the Compensation Plan, which is a part of the Employment Agreement. Accordingly, even construing the Agreement's forum-selection clause narrowly, Johnson's claim for unpaid wages falls within its scope as a claim for "enforcement of this [Employment] Agreement." Thus, the Court will dismiss Johnson's claim for unpaid wages in favor of the parties' agreed-upon forum in King County Superior Court, unless Johnson can show that the forum-selection clause is unenforceable on other grounds.

B. **Enforceability of the Forum-Selection Clause**

Johnson asserts that the Employment Agreement's forum-selection clause is contrary to the public interest such that the Court should refuse to enforce that provision. The Supreme Court has noted, however, that public-interest factors "will rarely defeat" a motion to dismiss on the basis of *forum non conveniens*. *Atl. Marine*, 134 S. Ct. at 582. Further, because this case involves a valid forum-selection clause, the court "should not consider arguments about the parties' private interests. . . . A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* "[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that [dismissal in favor of] the forum for which the parties bargained is unwarranted." *Id.* at 581. This is a high burden requiring Johnson to show "that [the] public-interest factors *overwhelmingly* disfavor" dismissal. *See id.* at 583 (emphasis added).

The public-interest factors "include administrative difficulties flowing from court congestion; imposition of jury duty on the people of a community unrelated to the litigation; the local interest in resolving the controversy at home; the interest in having a diversity case tried in a forum familiar with the law that governs the action; and the avoidance of unnecessary conflicts

PAGE 9 – OPINION AND ORDER

of law problems." *Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1094 (9th Cir. 1998). In order to defeat Copiers NW's motion to dismiss in favor of the contracted-for venue, these factors must establish that "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a [dismissal]." *Atl. Marine*, 134 S. Ct. at 575. According to the Supreme Court, "[i]n all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain." *Id.* at 583.

**1. Administrative Difficulties Flowing from Court Congestion**

Johnson argues that this factor weighs in his favor because the case load is significantly heavier in King County Superior Court than in this Court. He also argues that this Court is better positioned to reach a swift resolution of his claims than King County Superior Court because this Court has a "head start" in the litigation and has already set deadlines for moving the case forward and that having to wait for a judgment regarding the non-solicitation and recruitment clauses in King County Superior Court could render any judgment meaningless because the restrictive covenants naturally expire on their own terms twenty-four and twelve months, respectively, from the termination of Johnson's employment. Both of these arguments, however, are private-interest factors that the Court may not consider. *Atl. Marine*, 134 S. Ct. at 582.

Copiers NW does not dispute that King County Superior Court has a heavier case load than this Court. The Court finds that because the evidence shows a heavier case load in King County Superior Court than in this Court, this factor weights slightly in favor of denying Copiers NW's motion to dismiss. The Court also notes, however, that King County Superior Court already has a case pending before it involving the same parties and similar issues and so the addition of this case may not involve much of an increased burden on that court. Accordingly, the evidence does not show that dismissing these claims in favor of the parties' agreed-upon forum would in fact result in administrative difficulties or increased burdens for King County

PAGE 10 – OPINION AND ORDER

Superior Court. Further, this factor is the "most speculative." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (commenting that this factor is the "most speculative" because "case-disposition statistics may not always tell the whole story").

### 2. Imposition of Jury Duty

Johnson also argues that this factor weighs in his favor because Oregon jurors have significant interest in making sure all corporations abide by Oregon's wage laws. On the other hand, Copiers NW is based in the State of Washington. Thus, jurors in Washington also have an interest in ensuring that Washington-based corporations are complying with labor laws in whatever jurisdiction they may operate. Thus, this is not a case where the alternative forum has no connection with the litigation. Yet, given Oregon's statutory requirements for unpaid wages and notice provisions for non-compete agreements, which are issues central to this case, the Court finds this factor weighs slightly against dismissal.

### 3. Local Interest in the Controversy

Johnson also argues that this factor weighs in his favor because all relevant aspects of his employment occurred in Oregon and the disputed potential customers are in Oregon. Johnson also argues, citing to a previous case from this district, that the "Supreme Court has held that [the] local interest factor weighs in favor of maintaining claims in the location of the relevant incident and the residence of potential plaintiffs." *Wolfe v. RV Factory LLC*, 2016 WL 1117425, at *4 (D. Or. Mar. 22, 2016) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 (1981)).

Copiers NW responds that Oregon also has a public policy interest that favors enforcement of forum-selection clauses. In *Munson v. Valley Energy Investment Fund U.S., LP*, the Oregon Court of Appeals held that "[i]n Oregon, where a court concludes that the parties have a valid and enforceable agreement to litigate the action in a different venue, the court must 'dismiss the action . . . .'" 264 Or. App. 679, 694 (2014) (quoting *Black v. Arizala*, 337 Or. 250,

PAGE 11 – OPINION AND ORDER

264 (2004)). Johnson is an Oregon resident, all of his work for Copiers NW occurred in Oregon, he was paid by Copiers NW in Oregon, and most or all of his Copiers NW customers are located in Oregon. Because the gravamen of Johnson's claims rests squarely within Oregon, the Court finds that this factor moderately weighs in favor of denying the motion to dismiss and retaining jurisdiction in this Court.

### 4. A Forum Familiar with the Law That Governs the Action

Johnson argues that this factor weighs in his favor because this Court regularly applies Oregon law, including the specific statutes that are at issue in this case, while the King County Superior Court does not have such familiarity. Johnson also notes that non-competition clauses (which is what Johnson contends is the practical effect of the non-solicitation provision in his Employment Agreement) are enforced differently under Washington law and provide less protection for workers than Oregon law does. Johnson argues that Copiers NW should not be allowed to "sidestep" Oregon law by adjudicating Johnson's claims in Washington.

As noted by other district courts in this Circuit, "[t]he weight to be afforded this factor is necessarily dependent upon the complexity and/or unsettled nature of the state law issues presented." *Anderson v. Thompson*, 634 F. Supp. 1201, 1205 (D. Mont. 1986). Johnson's second claim is for unpaid wages under Or. Rev. Stat. § 652.140(2). This statute is neither complicated nor arcane. King County Superior Court is fully competent to adjudicate this claim, if it determines that Oregon law applies.[5] Thus, this factor is neutral, or at best merits little weight. *See Nakaki v. Caesars Entm't Operating Co., Inc.*, 2012 WL 12893849, at *8 (C.D. Cal. Aug. 24, 2012) ("[B]ecause the applicable law in this action—negligence, premises liability and

---

[5] The Employment Agreement provided at paragraph 9: "This agreement shall be governed by and construed under the laws of the State of Washington." ECF 14 at 7. Of course, whichever court hears this dispute will likely be called upon to perform a conflicts of law analysis to determine whether Oregon or Washington substantive law applies.

PAGE 12 – OPINION AND ORDER

product liability—is not complex, this factor does not warrant great weight." (citing *Anderson*, 634 F. Supp. at 1205; *Robinson Corp. v. Auto-Owners Ins. Co.*, 304 F. Supp. 2d 1232, 1244 (D. Haw. 2003); and Moore's § 111.13[1][m] (3d ed.))).

### 5. The Avoidance of Unnecessary Conflicts of Law Problems

Johnson also argues that Washington's choice of law analysis may conflict with Oregon law and that Oregon law should be applied to contracts for services to be rendered primarily in Oregon by an Oregon resident. Or. Rev. Stat. §§ 15.305, 15.320(3). Oregon law also requires that employees be given notice before signing non-competition agreements. Or. Rev. Stat. § 653.295(1). Johnson expresses concern that the King County Superior Court may decide to apply Washington law to an employment arrangement that Johnson argues properly falls within the purview of Oregon law.

Copiers NW responds that Johnson confuses the relevant Oregon policy by combining the choice of law and venue issues. "The question is not whether the application of the forum's law would violate the policy of the other party's state, but rather, whether enforcement of the forum selection agreement would violate the policy of the other party's state as to the forum for litigation of the dispute." *Swenson*, 415 F. Supp. 2d at 1105. As already noted, Oregon law generally favors enforcement of forum-selection clauses. *Munson*, 264 Or. App. at 694. Thus a conflicts of law problem would arise only if the King County Superior Court refused to apply Oregon law. This issue, however, is not relevant to the question of whether the forum-selection clause is enforceable. Additionally, as Copiers NW asserts and Johnson does not dispute, the King County Superior Court has not yet decided which state law must apply to the Employment Agreement at issue.

Due to the potential for a true conflict of law if Johnson's claims are heard in King County Superior Court, the Court finds this factor weighs slightly in favor of denying the

PAGE 13 – OPINION AND ORDER

motion. The Court, however, considers this factor speculative at this time because if King County Superior Court determines that Oregon law applies to the Employment Agreement, Johnson's conflict of law concerns will be eliminated.

To summarize, the Court finds that factors 1, 2, and 5 weigh slightly against dismissing this case, and factor 3 weighs moderately against dismissal. The Court also finds that factor 4 is neutral. The Court concludes that because three of these factors only slightly weigh against dismissal and that factors 1 and 5 are speculative, Johnson has not met his "burden of showing that [the] public-interest factors *overwhelmingly* disfavor" dismissal. *See Atl. Marine*, 134 S. Ct. at 583 (emphasis added). Thus, the Court rejects Johnson's argument that based on the public-interest factors this Court should refuse to enforce the parties' otherwise valid forum-selection clause. In further support of dismissal, the Court notes that both federal and Oregon law favor enforcement of forum-selection clauses. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991) ("[A] clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended."); *Munson*, 264 Or. App. at 694.

Because the Agreement's forum-selection clause is valid, applies to Johnson's claim for unpaid wages under § 652.140, and the public-interest factors do not weigh *overwhelmingly* against dismissal, the Court grants Copiers NW's motion to dismiss.

**C. Declaratory Judgment**

As his first claim in this case, Johnson seeks a declaration that (1) Oregon law applies to the Employment Agreement, including the non-solicitation provision; (2) execution of the non-solicitation provision did not comply with Or. Rev. Stat. § 653.295(1)(a)(A); and (3) the non-solicitation provision is void and unenforceable as a noncompetition clause. "[W]hen a party requests declaratory relief in federal court and a suit is pending in state court presenting the same

state law issues, there exists a presumption that the entire suit should be heard in state court." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991). "'Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgement suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Id.* at 1366 (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)). Several district courts faced with requests for declaratory relief under these circumstances have declined to issue a declaration. *Swenson*, 415 F. Supp. 2d at 1106; *Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1026 (N.D. Cal. 2005); *Shell Oil Co. v. Frusetta*, 290 F.2d 689, 691-92, 694 (9th Cir. 1961) (upholding the district court's refusal to issue a declaratory judgment when a state court suit with the same issues and parties was pending); *see also IBC Mfg. Co. v. Berkshire Hathaway Speciality Ins. Co.*, 2016 WL 4522665 (D. Or. 2016).

In its lawsuit pending against Johnson in King County Superior Court, Copiers NW seeks to enjoin Johnson from violating the Employment Agreement's non-solicitation and non-recruitment provisions—*i.e.*, to enforce the Employment Agreement. The questions of whether Oregon law applies to the Employment Agreement, whether the non-solicitation provisions complied with Oregon law if Oregon does apply, and whether the non-solicitation agreement is void and unenforceable are squarely before the Washington State court. Aside from Johnson's request for declaratory relief in his action pending in Oregon, Johnson's claims do not rely on federal law. In light of Copiers NW's pending state claims in Washington, the Court declines to hear Johnson's request for a declaratory judgment. *See Chamberlain*, 931 F.2d at 1366-67.

### D. Copier NW's Request for Attorney's Fees

Copiers NW argues that if it is successful on its motion to dismiss this action, it should be awarded its attorney's fees under the Employment Agreement because it would be the prevailing party in this case. Because the basis for NW Copiers' claim of attorney's fees is the Employment Agreement, the Court looks to the text of the specific fee provision in that Agreement to see if prevailing on a motion dismiss this action qualifies NW Copiers to receive attorney's fees at this time. *See Am, Guard Servs., Inc. v. Mgmt. Info. Tech. Corp.*, 2011 WL 2940407, at *4-5 (C.D. Cal. July 21, 2011) (noting that, in a case where a defendant prevailed on a motion to dismiss based on a forum selection clause, when attorney's fees are based on a contractual provision, the prevailing party "must establish that it qualifies" for fees under the terms of the agreement, and holding that the defendant did not so qualify because it was not yet the "prevailing party" under the plain meaning of the agreement because the motion to dismiss did not decide the merits of the case); *cf. Jim Cooley Constr., Inc. v. N. Am. Constr. Corp.*, 46 F.3d 1151, at *1-2 (10th Cir. 1995) (unpublished) (noting that while it is "beyond the norm" to award attorney's fees in a piecemeal fashion, when the attorney's fees provision in the contract states that fees are to be awarded to the prevailing party "for the enforcement of *any* terms" of the agreement, the party prevailing on a motion to dismiss based on enforcing the forum selection clause was entitled to attorney's fees because the fee provision of the contract was not limited to prevailing on a final resolution on the merits (emphasis in original)).

The relevant portion of the fee provision in the Employment Agreement provides: "If [Copiers NW] obtains a *final judgment in a court of competent jurisdiction* against [Johnson], [Copiers NW] shall also be awarded its reasonable attorney's fees and costs." ECF 14 at 8 (Agreement ¶ 17(b)) (emphasis added). Copiers NW argues that this Court is not a court of competent jurisdiction to hear Johnson's wage claim, and this Court agrees based on the parties'

PAGE 16 – OPINION AND ORDER

forum selection clause. Thus, for purposes of that claim this Court is not one of competent jurisdiction and its decision does not render "final" judgment. *See Sharani v. Salviati & Santori, Inc.*, 2008 WL 5411501, at *4 (N.D. Cal. Dec. 29, 2008) ("Defendant provides no authority for the proposition that having determined that it has no jurisdiction and must dismiss the complaint [under the forum selection clause], the Court may also give effect to the contract by awarding attorney's fees under the contract's choice of law provision."). The Court is dismissing Johnson's declaratory judgment claim not on the merits, but to avoid piecemeal litigation and the possibility of inconsistent results. The Court dismisses the case without prejudice and with the expectation that all of Johnson's claims will be brought and resolved on the merits in King County Superior Court. Thus, the Court is not rendering a "final judgment" in this case, and attorney's fees are therefore not appropriate at this time under the express terms of the Employment Agreement. After final judgment is rendered in King County Superior Court, the prevailing party may seek reasonable attorney's fees under the Employment Agreement.

Copiers NW's reliance on *Ricciardi v. Frink*, 133 Or. App. 436 (1995), is unavailing. In *Ricciardi*, the attorney's fee provision stated, similar to the fee provision in *Jim Cooley*, that the prevailing party would be entitled to attorney's fees for "any action or proceeding in Court to enforce or interpret *any* provision" of the contract. *Id.* at 439 (emphasis added); *see Jim Cooley*, 46 F.3d 1151, at *1. The defendant was successful on a motion to dismiss based on a forum selection clause. *Ricciardi*, 133 Or. App. at 439-40. The defendant was thus enforcing a provision of the contract (the forum selection clause) and therefore entitled to attorney's fees under the plain meaning of the fee provision. *Id.* at 447 ("Defendant secured the dismissal of an action for breach of contract by invoking, rather than disavowing, the terms of the contract on which plaintiff sued. Accordingly, defendant, as the prevailing party in an action to 'enforce or

interpret any provision' of the loan agreement, was entitled to recover its reasonably incurred attorney fees."). As discussed above, the fee provision in the Employment Agreement does not contain similar text. Thus, based on the plain meaning of the fee provision at issue in this case, NW Copiers is not yet entitled to recover its attorney's fees, notwithstanding its success on its motion to dismiss.

At oral argument, Copiers NW also asserted that it is entitled to attorney's fees for succeeding on its motion to dismiss based on Oregon's reciprocal attorney's fees statute, separate and apart from the Employment Agreement. Oregon's reciprocal attorney's fees statute, however, is not an independent ground for attorney's fees divorced from an underlying contract. It merely provides that if there is a one-sided fee provision in a contract that provides for attorney's fees, then, if only one party prevails, any other party to the contract also may be entitled to recover fees if that party prevails. *See* Or. Rev. Stat. § 20.096(1) ("In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract."). Thus, the basis for the fees remains the underlying contract, and Oregon law merely provides that the right to recover prevailing party fees under a contract may not be one-sided. The statute does not otherwise broaden the terms or conditions under which attorney's fees may be recovered under a contract; it merely broadens the set of parties to whom fees eventually may be awarded. Accordingly, this statute does not provide NW Copiers with a basis to receive attorney's fees when the Employment Agreement does not provide such a basis.

Moreover, NW Copiers may not benefit from Oregon's reciprocal fee statute for the fee provision at issue in this case. The Employment Agreement already contains a one-sided fee provision that solely *benefits NW Copiers*. It is Johnson who is afforded the right to invoke Oregon's reciprocal fee statute to be eligible for fees, if he were to prevail. NW Copiers is already eligible to recover attorney fees by the terms of the contractual fee provision, but only under the circumstances directed by that provision. Thus, Oregon's reciprocal fee statute is irrelevant to NW Copiers' claim for attorney's fees under the Employment Agreement.

## CONCLUSION

Johnson and Copiers NW are parties to a valid and enforceable forum-selection clause that is applicable to Johnson's claim for unpaid wages. That claim should be heard in state court in King County, Washington. Further, the Court declines to accept jurisdiction over Johnson's declaratory judgment claim while another claim implicating similar subject matter is pending in Washington. Accordingly, the Court GRANTS Copiers NW's Motion to Dismiss on the doctrine of *forum non conveniens*. ECF 12. This case is dismissed without prejudice. The Court also denies Copiers NW's request for attorney fees.

**IT IS SO ORDERED**.

DATED this 12th day of May, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge